**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Luis Acosta, on behalf of himself and all other similarly situated persons, known and unknown, Plaintiffs,<br>v.<br>El Ranchito Food, Inc., and Inaam Ayyash, individually, Defendants. | 1:15-cv-8942<br>Judge: Hon. Sara L. Ellis |

**PLAINTIFF'S MOTION TO
EXTEND DISMISSAL WITH PREJUDICE DATE
AND ENFORCEMENT SETTLEMENT AGREEMENT**

Plaintiff Luis Acosta, through counsel, submits his Motion to Extend Dismissal with Prejudice Date and Enforcement of Settlement Agreement in support of this motion, states:

1. On April 12, 2016, the court entered an Order of Approval of Settlement and Order of Dismissal of Plaintiff's Claims [Dkt #21]. The Order stated that Plaintiff's claims were dismissed without prejudice, but would become with prejudice on June 30, 2016, absent a motion to enforce the Parties' settlement.

2. On July 5, 2016, August 9, 2016, and again on October 4, 2016, the court extended that time period as the parties were working together in trying to resolve the settlement issues.

3. At this time, the terms of the Confidential Settlement Agreement and General Release have not been met in that all payments have not been paid by the Defendants.

4. Defendants claim that they inadvertently sent Plaintiffs check outside of the settlement agreement, and that those checks were cashed by Plaintiff. Thereafter, Defendants unilaterally subtracted those check amounts from the settlement amount per the Agreement.

5. Plaintiff denies ever receiving the checks Defendants allegedly sent him and therefore deny cashing them. Therefore, Defendants have not paid the full settlement amount per the Agreement to Plaintiff.

6. More specifically, the checks were never endorsed by Plaintiff. The checks in question show that

they were endorsed by Daily Meat Supply Inc and cashed at South Central Bank. (See attached checks as Exhibit A).

7. Defendants subpoenaed the bank where the checks at issue were cashed. The response confirms that Plaintiff did not have any type relationship with the bank or the company who endorsed the checks (See attached Letter from the Bank as Exhibit B).

8. In addition, the checks in question were mailed to 12727 Division St., Blue Island, IL 60406 after November 2015. Plaintiff did not live at that address after November 2015. He had moved to 6952 S. Fairfield, Chicago, IL 60629. (See attached Proof of Address as Exhibit C).

9. Further, Plaintiff had received four different checks from the Department of Labor that he did NOT cash. It doesn't make sense that he would later choose to cash other different checks from the Department of Labor he allegedly received.

10. Defendants have all the above information, but still refuse to pay the amount agreed upon in the parties' settlement agreement.

11. As such, Plaintiff requests that the Court order Defendants to pay the full settlement amount pursuant to the parties' Agreement.

12. In addition, Plaintiff's claims are currently to be converted to dismissal with prejudice on October 31, 2016. Plaintiff requests that the Court continue that date for another 30 days or to November 30, 2016.

13. WHEREFORE, Plaintiff respectfully requests that this Court determine that Plaintiff is owed his full settlement amount in the parties Agreement; and continue the dismissal with prejudice date to November 30, 2016, for the parties to complete and enforce all terms of the Agreement.

Respectfully submitted,

**s/ Susan Best**
Susan Best
6232 N. Pulaski, Suite 200
Chicago, IL 60646

2