# SOUTH CENTRAL BANK

A BANK THAT'S ALL YOUR OWN

August 30, 2016

Jackson Lewis P.C. (Attorneys at Law)
Attn: Melanie I. Stewart
150 North Michigan Avenue Suite 2500
Chicago IL 60601

Re: Luis Acosta v. El Ranchito Food, Inc., et al. Case No. 15-cv-8942

Dear Ms. Stewart,

    This letter is to state that we have conducted an investigation and did not find any accounts under the name of Luis Acosta or any accounts in which he is a signer for. More specifically, Luis Acosta is not a signer on Daily Meat Supply Inc. account # 87378. If you have any questions or need further assistance please give me a call at 312-491-7143.

Sincerely,

Karen Garcia
Vice President/Cashier
South Central Bank, N.A.

**EXHIBIT B**

 



Representing Management Exclusively in Workplace Law and Related Litigation

Attorneys at Law

Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Tel 312 787-4949
Fax 312 787-4995
www.jacksonlewis.com

My Direct Dial Is: (312) 803-2514
My Email Address Is: MELANIE.STEWART@JACKSONLEWIS.COM

August 8, 2016

**VIA FEDERAL EXPRESS**
Karen Garcia, Compliance Officer
South Central Bank
525 W. Roosevelt Road
Chicago, IL 60607

Re: Luis Acosta v. El Ranchito Food, Inc, et al.
Case No. 15-cv-8942

Dear Ms. Garcia:

Enclosed please find a Subpoena to Produce Documents in the matter *Luis Acosta v. El Ranchito Food, Inc., et al.* If any costs are incurred from the production of these documents, please forward me an invoice for payment.

If you have any questions, my contact information is above.

Regards,

JACKSON LEWIS P.C.

Melanie I. Stewart

MIS/lm
Enclosure

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| LUIS ACOSTA, on behalf of himself and all other similarly situated persons, known and unknown<br>*Plaintiff*<br>v.<br>EL RANCHITO FOOD, INC., AND INAAM AYYASH INDIVIDUALLY<br>*Defendant* | Civil Action No. 15-CV-8942 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ATTN: Karen Garcia, Compliance Officer
South Central Bank 525 W. Roosevelt Road, Chicago, IL 60607

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached rider.

| Place: Melanie I. Stewart/Jackson Lewis PC<br>150 North Michigan Ave., Suite 2500<br>Chicago, IL 60601 | Date and Time:<br>08/31/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/08/2016

*CLERK OF COURT*

OR *[signature]*

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* El Ranchito Food, Inc. , who issues or requests this subpoena, are:
Melanie I. Stewart, Jackson Lewis, P.C., 150 North Michigan Ave, Suite 2500, Chicago IL 60601

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 15-CV-8942

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* South Central Bank
on *(date)* 08/08/2016 .

☑ I served the subpoena by delivering a copy to the named person as follows: via Federal Express
to 525 W. Roosevelt Road, Chicago, IL 60607
on *(date)* 08/08/2016 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ \_\_\_\_\_ for travel and $ \_\_\_\_\_ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 08/08/2016

*Server's signature*

Melanie I. Stewart, Attorney

*Printed name and title*
Jackson Lewis PC
150 North Michigan Ave., Suite 2500
Chicago, IL 60601

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER TO SUBPOENA DIRECTED TO
# SOUTH CENTRAL BANK

### A. Definitions

1. "Document" or "documents" shall mean any and all written, printed, typed, photographic, recorded or graphic materials, however produced or reproduced, including, without limitation, all originals, copies, drafts, forms or versions of notes, files, memoranda, reports, summaries, minutes, letters, publications, facsimile transmissions, telexes, contracts, agreements, applications, pleadings, court papers, correspondence, recordings, video and audiotapes, records, corporate or business records or forms, calendars, telephone bills or logs, diaries, and any evidence of telephone or other conversations by or with any person or entity.

2. "Relating to" or "relate to" as used herein with reference to a subject shall mean both the following:

    a. Containing, comprising, constituting, setting forth, recording, contradicting, referring to, or in any way pertaining to in whole or in part, that subject; or

    b. Describing, discussing, reflecting, interpreting, identifying, concerning, contradicting, referring to, or in any way pertaining to, in whole or in part, that subject.

3. "Company" shall mean South Central Bank, and shall include all of the management personnel, employees, agents, assigns, predecessors of, successors of, and divisions and departments of that organization.

4. "Acosta" refers to Luis Acosta, whose DOB is 06/11/1984, and whose SSN is 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, and who upon information and belief, has records at the Company.

### B. Documents to Be Produced

1. Any and all documents relating to the records of Acosta at the Company, including account information and deposit information;

2. Any and all documents relating to the names listed on account number 87378 or Daily Meat Supply Inc. or Daily Meal Supply Inc.